UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:20-cr-354

        Plaintiff,

   v.   MEMORANDUM OPINION
          AND ORDER

Antonio Banks,

        Defendant.

## I. INTRODUCTION

Defendant Antonio Banks seeks to dismiss the sole count against him in the indictment for possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 22). The government filed a brief in opposition to the motion. (Doc. No. 24). I granted Banks leave until August 7, 2023 to file a brief in reply. (*See* non-document order dated August 2, 2023). Banks did not file his brief until over two weeks after that deadline. (Doc. No. 25). Banks presented new evidence in support of his motion, leading the government to file a sur-reply brief. (Doc. No. 26). For the reasons stated below, I deny Bank's motion.

## II. DISCUSSION

The parties generally agree on the facts leading up to this case. On August 7, 2007, Antonio Banks pled no contest in the Lucas County, Ohio Court of Common Pleas to one count of Attempted Possession of Cocaine, a fourth-degree felony with a potential prison term of 18 months. *See* Ohio Revised Code § 2929.14(A)(4). Approximately a month later, he was sentenced to a term

of 15 months in prison. On March 18, 2008, the trial court granted Bank's motion for judicial release, vacated the remainder of his custodial term, and resentenced him to 3 years of community control.

In July 2020, a grand jury indicted Banks on one count of violating §§ 922(g)(1) and 924(a)(2), a charge arising from a 2016 social media post in which Bank was recorded holding a firearm.

Section 922(g)(1) requires the government to prove "(1) that the defendant has a prior conviction for 'a crime punishable by imprisonment for a term exceeding one year'; (2) that the defendant thereafter knowingly possessed the firearm . . . specified in the indictment; and (3) that the possession was in or affecting interstate commerce." *United States v. Daniel*, 134 F.3d 1259, 1263 (6th Cir. 1998). Further,

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20).

Banks argues the "unless" clause in § 921(a)(20) mandates the dismissal of the charge against him because his 2007 conviction was not a violent felony and therefore his civil rights, including his right to possess to a firearm, were restored under Ohio law once he completed his term of community control. (Doc. No. 22 at 4-6).

But, as the government notes and the Sixth Circuit has held, "Ohio law prohibits persons who have been convicted of a felony offense of violence <u>or a felony drug offense</u> from possessing firearms." *United States v. Clegg*, 654 F. App'x 686, 688 (6th Cir. 2016) (citing Ohio Rev. Code § 2923.13) (emphasis added). Like the defendant in *Clegg*, Banks' felony drug possession conviction prohibits him from possessing a firearm under Ohio law.

2

In his reply brief, Banks asserts his 2007 conviction cannot serve as a predicate felony because that conviction was sealed by a judge in the Lucas County Court of Common Pleas on June 9, 2020, prior to his July 1, 2020 indictment in this case. (Doc. No. 25 at 2-3). But, as the government notes, the United States Court of Appeals for the Sixth Circuit already has explicitly rejected this argument. In *United States v. Morgan*, the Sixth Circuit held "[i]t is the status of the defendant on the date he possessed the firearm as alleged in the indictment that control whether or not he has violated the statute, not his later status after his civil rights have been restored." 216 F.3d 557, 565-66 (6th Cir. 2000). *See also United States v. Padilla*, 387 F.3d 1087, 1092 (9th Cir. 2004) (holding § 921(a)(20) requires that "the expungement, pardon, or restoration of civil rights . . . must occur before the erstwhile felon takes possession of a firearm"). Banks is alleged to have committed the offense charged by possessing a firearm in a social media post in 2016, years before his conviction was sealed in the state court. The fact that Banks had his record sealed before he was indicted in this case does not apply retroactively to exclude his otherwise-disabling conviction.

### III. CONCLUSION

I conclude Banks fails to meet his burden to show the government could not prove he has a prior conviction for a crime punishable by imprisonment for a term exceeding one year as § 922(g)(1) requires. Therefore, and for the reasons set forth above, I deny Banks' motion to dismiss. (Doc. No. 22).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge